UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IONA SASS,<br>    Plaintiff,<br><br>-vs-<br><br>THE CITY OF NORTH CHARLESTON,<br>SOUTH CAROLINA, MELVIN WALLACE,<br>Individually and in his Official Capacity,<br>PATRICK NORWOOD, Individually and in<br>his Official Capacity, LAWRENCE FRAZIER,<br>Individually and in his Official Capacity,<br>RYAN ADAMS, Individually and in his Official<br>Capacity.<br>    Defendants. | CIVIL ACTION NO.: 2:23-cv-1562-DCN-MGB<br><br><br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

The Plaintiff, Complaining of the Defendants would respectfully show unto this Honorable Court, and allege as follows:

### IDENTIFICATION OF DEFENDANTS, VENUE & JURISDICTION

1. That, the Plaintiff was a citizen and resident of the County of Charleston, State of South Carolina and a citizen of the United States of America and at all times complained of herein was subject to the jurisdiction of the United States of America.

2. That, all acts and commissions complained of occurred within the County of Charleston, State of South Carolina and wholly within the jurisdiction of the United States of America.

3. That, the Defendant CITY OF NORTH CHARLESTON, (herein after CITY) it's officers, staff and/or employees Constitute a political subdivision of the State of South Carolina as defined in the *South Carolina Tort Claims Act, Section 15-78-10 et seq.*

Page 1

4. That, at all times as alleged herein, the Defendant MELVIN WALLACE (hereinafter WALLACE) was employed as a sworn police officer acting under the color of state law (South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and/or omissions occurred in the County of Charleston, South Carolina.

5. That, at all times as alleged herein, the Defendant PATRICK NORWOOD (hereinafter NORWOOD) was employed as a sworn police officer acting under the color of state law ( South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and /or omissions occurred in the County of Charleston, South Carolina.

6. That at all times as alleged herein, the Defendant LAWRENCE FRAZIER (hereinafter FRAZIER) was employed as a sworn police officer acting under color of state law (South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and/or omissions occurred in the County of Charleston, South Carolina.

7. That at all times as alleged herein, the Defendant RYAN ADAMS, (hereinafter ADAMS) was employed as a sworn police officer actin under color of state law (South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and/or omissions occurred in the County of Charleston, South Carolina.

## GENERAL ALLEGATIONS OF FACT

8. That on or about April 22, 2020 at about 1:40 pm the Plaintiff was on a bus that she owned. Plaintiff's son Malachi, age six (6) years old was also on the bus along with a dog.

9. Plaintiff had parked the bus off the street on approximately fifty (50) feet from a stop sign and her parked car was parked in front of the bus, behind the DSS office located on Rivers Avenue, City of North Charleson South Carolina.

10. Plaintiff could not start her bus and that is why it was parked there. She had a generator charging the batteries to see if that was the reason why it was not starting.

11. North Charleston police officer Melvin Wallace had arrived (WALLACE) and knocked on the bus door and asked for Plaintiff's identification.

12. Plaintiff replied that she didn't have her license on her and that it may be in her car parked in front of the bus or in her friend's apartment approximately ten (10) feet away?

13. WALLACE demanded that she move the bus

14. Plaintiff told WALLACE that she could not start the bus, that she was having trouble getting it to start and showed him the generator charging the batteries.

15. WALLACE asked to see her I.D. a 2nd time and she told him she does not have her drivers license on her possession and that she would have to go look for it in all three (3) places where it might be.

16. Plaintiff had tags on both her vehicles that also would have helped give WALLACE her identification.

17. Plaintiff had also recently applied to the Cherokee apartment complex nearby to live.

18. Plaintiff's son had earlier taken a nap at her friend's Cherokee apartment.

19. Plaintiff told WALLACE that she needs to close the door to her bus so that the dog would not get out and run loose or bite them for police officers safety .

20. As Plaintiff began to close the door, WALLACE escalated the situation by forcefully wedging himself in the door and aggressively pulled the door back open to see what Plaintiff was doing.

21. Plaintiff told WALLACE that there were plenty of large windshield windows where he could see.

22. WALLACE'S speech and also being about 6'-3 " tall put Plaintiff in fear for her safety when he began pulling at my arm.

23. Plaintiff said she did not want to get off the bus because she was in fear of her safety and that her child and dog were inside.

24. Plaintiff also told WALLACE that she did not want to answer any more questions and that she wanted to speak to a supervisor and she sat down on the steps of the bus.

25. WALLACE became irate and continued to try and remove her from the bus. Plaintiff's jacket came off as he was trying to pull her and she was wedged between the door while still on the steps of the bus.

26. WALLACE continued to physically assault her while she was sitting on the steps.

27. WALLACE then radioed for back-up from his shoulder and Plaintiff asked her child to

get her phone to record what WALLACE was doing to the Plaintiff.

28. Other officers and Defendants arrived on the scene and grabbed her legs from the door frame, to which WALLACE got inside the bus and kicked the back of my head down the steps of the bus.

29. Plaintiff was then thrown on the ground and placed in handcuffs, while still asking for her I.D.

30. Plaintiff told WALLACE how was she supposed to get her I.D. when he won't let her look for it and that she had politely asked for his supervisor when he chose to escalate the situation.

31. WALLACE then radioed for his supervisor while she was still on the ground.

32. Upon the supervisor's arrival he spoke to her and told the supervisor her name and the police ran it and nothing came back.

33. Plaintiff was then released from her handcuffs and was told that she is free to go.

34. Plaintiff was given no citations or charges .

35. Plaintiff suffered damages, including a concussion and bruising all over her body from the police brutality and had to seek medical care with medical costs.

36. Other North Charleston police officers involved were Norwood, Frazier and Adams to name a few.

## STATE CAUSES OF ACTION

### FOR A FIRST CAUSE OF ACTION
(Gross Negligence by the City of North Charleston)

37. That each and every allegation of fact alleged in paragraphs one (1) through thirty-six (36) are restated and re-alleged herein as if verbatim.

38. That the Defendant CITY and or CITY of North Charleston Police Department, through its officers, agents and employees were negligent, grossly negligent and reckless in the following particulars. To wit:

   a. By causing the unlawful Arrest/detainment of the Plaintiff without probable cause to do so;

   b. By failing to allow the Plaintiff to get her I.D., as requested by the officer;

   c. By the Defendants failing to know the laws and understand the training of the legal procedures in detaining Plaintiff by escalating the situation;

   d. By failing to communicate to responding officers the true nature of the facts;

   e. By Defendants using unreasonable force to detain and arrest the Plaintiff;

   f. By Defendants failing to use due care in the detaining and arresting of Plaintiff;

   g. In other ways, to be proven at trial.

39. That as a direct and proximate result of the negligent, grossly negligent, willful, wanton actions and omissions o the Defendant CITY through its officers, agents, and employees, the Plaintiff suffered and will continue to suffer damages, including but not limited to : loss of liberty, loss of reputation, loss of society with family, attorneys fees, legal costs, shame, humiliation, degradation, medical expenses.

**FOR A SECOND CAUSE OF ACTION**
(Violation of State Civil Rights by the City of North Charleston)

40. That each and every allegation of fact alleged in paragraphs one (1) through thirty-nine (39) are restated and re-alleged herein as if verbatim.

41. That Article 1, Section 23 of the South Carolina Constitution states that the rights of citizens granted in Article 1, Section 23 of the South Carolina Constitution states that the rights of citizens granted in Article 1 "shall be taken deemed and construed to be mandatory and prohibitory…"

42. That the Defendant, CITY and its officers, agents and employees deprived the Plaintiff of civil rights guaranteed by the South Carolina Constitution in the following ways:

    a. By exceeding the authority granted to police officers;

    b. By violating the Plaintiff's right to be free from unreasonable arrest/detainment granted and secured by Article 1, Section 10 of the South Carolina Constitution;

    c. By violating the Plaintiff's right to be free from unreasonable invasions of privacy granted and secured by Article 1, Section 10 of the South Carolina Constitution;

    d. By denying the Plaintiff Due Process of law granted and secured by Article 1, Section 3 of the South Carolina Constitution; and

    e. In other ways to be proven at trial.

43. That, as a direct and proximate result of the negligent, grossly negligent, willful, wonton actions and omissions of the Defendant CITY through its officers, agents and employees, the Plaintiff suffered and will continue to suffer damages, including but not limited to: loss of liberty, attorney fees, and legal costs. Shame, shock, humiliation,

degradation and inhumane treatment, medical expenses.

## FEDERAL CAUSES OF ACTION

### FOR A THIRD CAUSE OF ACTION
(Civil Rights Violations of 42 U.S.C. Section 1983, 1988)
Asserted against Melvin Wallace

44. That each and every allegation of fact alleged in paragraphs one (1) through forty-three (43) are restated and re-alleged is a sworn police officer and was acting at all times under the color of state law of South Carolina.

45. That the Defendant WALLACE deprived the Plaintiff of federally protected rights provided for in the United States Constitution in the following particulars:

   a. By violating the Plaintiff's 4th Amendment and 14th Amendment rights to be free from unreasonable search and seizures, arrest/detainment and incarceration by State actors;

   b. By depriving the Plaintiff 5th and 14th Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to her seizure;

   c. By unreasonably invading the Plaintiff's privacy and disrupting his life, protected by the 4th Amendment.

### FOR A FOURTH CAUSE OF ACITON
(Civil Rights Violations of 42 U.S.C. 1983, 1988)
Asserted against Patrick Norwood

46. That each and every allegation of fact alleged in paragraphs one (1) through forty-five (45) are restated and re-alleged herein as if verbatim.

47. That the Defendant NORWOOD is a sworn police officer and was acting at all times under color of state laws of South Carolina. That the Defendant, NORWOOD deprived the Plaintiff of federally protected rights provided by the United States Constitution in the following particulars:

    a. By violating the Plaintiff's Fourth Amendment and Fourteenth Amendment rights to be free from unreasonable seizure, arrest/detain ;

    b. By violating the Plaintiff's Fifth Amendment and Fourteenth Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to Plaintiff's seizure;

    c. By unreasonably invading the Plaintiff's privacy and disrupting her family life, rights protected by the Fourth Amendment.

**FOR A FIFTH CAUSE OF ACTION**
(Civil Rights Violations 42 U.S. C. section 1983, 1988)
<u>Asserted Against Lawrence Frazier</u>

48. That each and every allegation of fact alleged in paragraphs one (1) through forty seven (47) are restated and re-alleged and was a sworn police officer and was acting at all times under color of state law of South Carolina.

49. That the Defendant FRAZIER deprived the Plaintiff of federally protected rights provided for in the United States Constitution in the following particulars:

    a. By violating the Plaintiff's 4th Amendment and 14th Amendment rights to be free from unreasonable search and seizure, arrests/detainment and incarceration by State actors;

b. By depriving the Plaintiff of 5th and 14th Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to her seizure;

c. By unreasonably invading the Plaintiff's privacy and disrupting her life, protected by the 4th Amendment.

## FOR A SIXTH CAUSE OF ACTION
(Civil Rights Violations of 42 U.S. C. 1983, 1988)
Asserted against Ryan Adams

50. That each and every allegation of fact alleged in paragraphs one (1) through forty-nine (49) are restated and re-alleged herein as if verbatim.

51. That the Defendant ADAMS deprived the Plaintiff of federally protected rights provided for in the United States Constitution in the following particulars:

a. By violating the Plaintiff's 4th Amendment and 14th Amendment rights to be free from unreasonable search and seizures, arrest/detainment and incarceration by State actors.

b. By depriving the Plaintiff's 5th and 14th Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to her seizure;

c. By unreasonably invading the Plaintiff's privacy and disrupting her life, protected by the 4th Amendment.

## FOR A SEVENTH CAUSE OF ACTION
( Civil Rights Violations 42 U.S.C. Section 1983, 1988)
Asserted Against the City of North Charleston

52. That, each and every allegation of fact alleged in paragraphs one (1) through fifty-one are restated and re-alleged herein as if verbatim.

53. That the Defendant CITY is a municipality situated in the State of South Carolina, acting under the color of South Carolina State law and is a person as defined by *Monell v. Department of Social Services, 436 U.S. 658, (1978)*.

54. That the Defendant violated the Plaintiff's 5th, 8th and 14th Amendments rights to the following particulars:

    a. By adopting a policy, custom, practice or procedure that denies citizens, such as the Plaintiff, their Due Process rights to detention and arrest, and incarceration;

    b. In other ways to be proven at trial.

55. That as a direct and proximate result of the deprivations of rights afforded under the United States Constitution by the Defendant CITY, the Plaintiff suffered and will continue to suffer damages, including, but not limited to: loss of liberty, incurred attorney fees and legal costs, loss of reputation, loss of society with her family, suffered shame, shock, humiliation, degradation and inhumane treatment as a citizen and person subject to the jurisdiction of the United States.

WHEREFORE, the Plaintiff prays that this Honorable Court assess and award damages in a just amount for the full and complete compensatory damages and costs on the State causes of action as determined by a duly constituted jury, together with the punitive damages, costs and attorneys fees on the federal causes of action, as determined by a duly constituted jury, and for such other and further relief as the Court and justice will allow. A trial by jury is constitutionally demanded pursuant to the 7th and 14th Amendments to the United States Constitutions and Article 1, Section 14 of the South Carolina Constitution (1985 as Amended).

Respectfully Submitted,


By: s/ Eric J. Erickson, Esquire
One Beaufort Town Center
2015 Boundary Street, Suite 328
Beaufort, South Carolina  29902
SC Bar No. 8232
Fed Id. No.:  6823
843. 522.9164
attorney@ericjericksonlaw.com
ATTORNEY FOR THE PLAINTIFF

Charleston, South Carolina
April 14, 2023